IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS R. MASTERSON,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SWAN RANGE LOG HOMES, LLC, an Idaho limited liability company; KYLE LANIER, an individual; YELLOWSTONE LOG HOMES, LLC, d/b/a YELLOWSTONE DO IT CENTER, an Idaho limited liability company; PEAK GLASS, INC., a Wyoming company; MICHAEL J. SHIDNER and KATHY L. SHIDNER, husband and wife,<br><br>　　　　　　　Defendants. | Case No. 06-CV-163-S-EJL<br><br>**MEMORANDUM ORDER** |

　　Plaintiff Thomas R. Masterson ("Plaintiff") has brought a diversity action against Swan Range Log Homes, LLC. ("Swan Range"), Kyle Lanier ("Lanier"), Yellowstone Log Homes, LLC. ("Yellowstone"), Peak Glass, Inc. ("Peak Glass"), and Michael J. and Kathy L. Shidner (collectively "Shidners") alleging multiple causes of action including breach of contract, fraud, and conspiracy to defraud. Pending before the Court in the above-entitled matter are two motions. Shidners have moved the Court pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss all Plaintiff's claims against them for lack of personal jurisdiction. Additionally, Shidners have moved the Court pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss Plaintiff's Complaint for improper venue. Shidners argue in their motions that Plaintiff has failed to make a prima facie showing that this Court can exercise personal jurisdiction over them, that there are insufficient contacts with Idaho to find jurisdiction under the Idaho long-arm statute, and that the exercise of personal jurisdiction violates due process. Additionally, Shidners argue that Idaho is an improper venue for

MEMORANDUM ORDER - 1

this action. Plaintiff has responded to the motion asserting that this Court can properly exercise personal jurisdiction over Shidners and that venue is proper in the District of Idaho.

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these motions shall be decided on the record before this Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii).

## Background

On or around July 19, 2004, Plaintiff contracted with Swan Range to construct a log home for him in Teton County, Wyoming. Swan Range is an Idaho limited liability company that maintains its primary place of business in Idaho. Lanier is domiciled in Idaho, the owner of Swan Range, and listed as Swan Range's registered agent in Idaho. Shidners are residents of Wyoming.

Plaintiff alleges Shidners worked for Swan Range in relation to his Wyoming construction project. Shidners maintain that they were approached by Lanier in Wyoming to perform bookkeeping services for the project. Plaintiff alleges Shidners entered into and pursued a civil conspiracy together with Swan Range and Lanier to defraud him and divert funds paid by him for the construction of his log home to Lanier's Montana residence. Shidners deny all allegations that they conspired to defraud Plaintiff. They assert that Idaho does not have personal jurisdiction over them and that any and all contact they had with Plaintiff in relation to his Wyoming project occurred in Wyoming.

## Analysis

### I. Motion to Dismiss for Lack of Personal Jurisdiction

Shidners move to dismiss the complaint for lack of personal jurisdiction under both the Idaho long-arm statute and the Federal Constitutional principles of due process. Where defendants move

to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Dole Food Co. V. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002).

In support of their respective positions, Plaintiff and Shidners have each submitted affidavits. Motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(2) are speaking motions and it is appropriate to look beyond the pleadings to affidavits and other evidence when considering them. Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). When the motion is based on written materials rather than an evidentiary hearing, the "plaintiff need only make a prima facie showing of jurisdictional facts." Id. at 1285. In such cases, the Court only inquires whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. Id. Where not directly controverted, a plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss. Dole Food, 303 F.3d at 1108. Therefore, it is proper for the Court to consider the evidence submitted in support of Shidners' motion to dismiss to determine if Plaintiff has made a prima facie showing of jurisdiction.

An analysis of personal jurisdiction has two components. First, there must be a statutory ground which grants the court authority to exercise jurisdiction. Data Disc, 557 F.2d at 1286. Second, the exercise of jurisdiction must meet Constitutional standards. Id.

### A.  Idaho Long Arm Statute

This Court, sitting in diversity, is bound to follow the Idaho Supreme Court's interpretation of Idaho state law. Idaho v. M.A. Hanna Co., 819 F.Supp. 1464 (D. Idaho 1993). As illustrated in the parties' briefs, Plaintiff is seeking to establish jurisdiction under Idaho's long-arm statute. The relevant part of Idaho Code § 5-514 states:

> Any person, firm, company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or

corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

(a)   The transaction of any business within the state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation;

(b)   The commission of a tortious act within the state;

Idaho Code § 5-514(a) and (b). Because the Court concludes that Shidners fall within the provision regarding the commission of tortious acts in this instance, the Court confines its analysis to that provision.

Idaho courts hold that an allegation that an injury has occurred in a tortious manner is sufficient to invoke the tortious act provision of Idaho Code § 5-514(b). St. Alphonsus Reg'l Med. Ctr. v. Washington, 852 P.2d 491, 495 (Idaho 1993). Plaintiff has alleged just that - Shidners conspired together with Swan Range and Lanier to defraud him. See Complaint ¶¶ 19, 53-56. "Further, this section is designed to provide a forum for Idaho residents, is remedial legislation of the most fundamental nature and should be liberally construed." St Alphonsus 852 P.2d at 495. Given the remedial nature of the Idaho long-arm statute, and construing the facts in the light most favorable to Plaintiff, the Court finds that jurisdiction exists under § 5-514(b).

Having found jurisdiction under the long-arm statute, Plaintiff must satisfy one additional test: whether the assertion of jurisdiction is permissible under the due process clause of the United States Constitution. Data Disc, 557 F.2d at 1286.

### B. Due Process

While this Court is bound to follow the Idaho Supreme Court's interpretation of the state's long-arm statute, whether the exercise of jurisdiction comports with due process is a question of federal law. Id., at 1286-87 n.3. Under federal law, a court may have personal jurisdiction over a

MEMORANDUM ORDER - 4

defendant in one of two ways: general or specific.  Reebok Int'l Ltd. v. McLaughlin, 49 F.3d 1387, 1391 (9th Cir. 1995).

### 1. General Jurisdiction

If the defendant's activities and contacts with the forum state are substantial, continuous, or systematic, a court will have general jurisdiction over the defendant.  Id.  "The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximates physical presence."  Bancroft & Masters, Inc. v. Augusta Nat., Inc. 223 F.3d 1082, 1086 (9th Cir. 2000) (quoting Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986)).  Based upon the record before us, the Court finds that there are insufficient facts to sustain a finding of general jurisdiction.

### 2. Specific Jurisdiction

Specific jurisdiction may be established if the defendant has such "minimum contacts" with the forum state such that he can reasonably anticipate being haled into court there.  Shaffer v. Heitner, 433 U.S. 186 (1977).  A forum state's exercise of jurisdiction must not offend traditional notions of fair play and substantial justice.  Reebok, 49 F.3d at 1391.  Specific jurisdiction is established by an analysis of the "quality and nature of the defendant's contacts with the forum state in relation to the cause of action."  Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987) .

The Ninth Circuit uses a three-part test to determine if personal jurisdiction exists over a nonresident defendant: (1) the defendant must perform some act or consummate some transaction within the forum or otherwise purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  Bancroft, 223 F.3d at 1086.

Although the Ninth Circuit formerly required a plaintiff to demonstrate each of the three elements to establish specific jurisdiction, its current approach is not quite so rigid.  In a somewhat

more flexible fashion, jurisdiction may be established through a lesser showing of minimum contacts, if considerations of reasonableness so require. Ochoa v. J.B. Martin and Sons Farms, Inc., 287 F.3d 1182, 1189 n.2 (9th Cir. 2002).

### a. Purposeful Availment

To prove the first element of this test, there must be a showing that Shidners purposefully availed themselves of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. Hanson v. Denckla, 357 U.S. 235 (1958). The requirement that a defendant do some act purposefully to avail itself of the laws of the forum state ensures that a person is not hauled into court as the result of random, fortuitous, or attenuated contacts or on account of the unilateral activity of third parties. Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985). Purposeful availment "requires a finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001).

With these concepts in mind, the Court turns its attention to the facts on the record. Shidners assert that they did not transact or otherwise conduct any business regarding the Plaintiff or the Plaintiff's Wyoming property in the State of Idaho. Moreover, they maintain that any and all contact they had with Plaintiff occurred in the State of Wyoming and concerned Plaintiff's Wyoming property. In addition, Kathy Shidner asserts that Lanier approached her in her Wyoming place of business to request bookkeeping services for Plaintiff's Wyoming project. In response, Plaintiff points to Shidners' own affidavits to show that they worked for an Idaho company, Swan Range, and that their contact with Idaho is sufficient. Plaintiff's argument misses the point. To satisfy the purposeful availment element of the test, the plaintiff must point to affirmative conduct directed at the forum state, not to the amount of contacts (or "sufficient contacts" as phrased by Plaintiff) that exist between the defendant and the forum. See Thomas P. Gonzalez Corp. V. Consejo Nacional

MEMORANDUM ORDER - 6

De Produccion De Costa Rica, 614 F.2d 1247, 1252 (9th Cir. 1980) (stating that "it is not the quantity, but rather the 'nature and quality' of the defendant's activities which determine whether extension of jurisdiction offends due process"). Here the record is void of any indication that Shidners directed any advertisement to the State of Idaho or otherwise conducted business within the state. Therefore, based on the information in the record, this Court finds that Shidners did not purposefully avail themselves of the privilege of conducting activities within Idaho.

### b. Arising Out Of Activities

The second prong of the specific jurisdiction test requires that the claim arise out of or result from the defendant's forum-related activities. Dole Food, 303 F.3d at 1111. Plaintiff alleges that Shidners were participants in a conspiracy to defraud Plaintiff which the court must infer was conceived and pursued in Idaho. However, Plaintiff's complaint and affidavits are void of any factual allegations that Shidners entered into and pursued a conspiracy to defraud Plaintiff in Idaho. Moreover, the Shidners' affidavits deny the same. While an allegation of tortious acts may be sufficient to invoke the provisions of the Idaho long-arm statute, the bald allegation alone - without any facts to support it - is not sufficient to meet this prong of the specific jurisdiction test. See Bradley v. Widnall, 232 F.3d 626, 633 (8th Cir. 2000) (finding that conclusory allegations in an affidavit are insufficient to establish a prima facie case); Nielson v. Ono, 750 F. Supp. 439, 442 (D. Haw. 1990) (stating that an allegation, standing alone, would be insufficient to establish liability).

### c. Reasonableness

The last requirement of the specific jurisdiction test is that the exercise of jurisdiction is reasonable. The Ninth Circuit considers seven factors to determine whether the exercise of jurisdiction is reasonable: (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the

MEMORANDUM ORDER - 7

most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Dole Food, 303 F.3d at 1114.

Jurisdiction is presumed reasonable upon a showing of purposeful availment, unless a defendant makes a compelling argument to the contrary. Ochoa, 287 F.3d at 1192; see also Burger King, 471 U.S. at 477. However, in this case, the Court found that the Shidners did not purposefully avail themselves and thus the presumption of reasonableness does not apply. Thus the Court turns to the seven factors outlined above. As previously discussed, the extent of the Shidner's purposeful injection into the affairs of Idaho is limited at best. In addition, an alternative forum for this action exists in the neighboring state of Wyoming. While the parties have admittedly expended significant effort in litigating this action in the instant forum, on balance the Court finds it to be unreasonable to exercise jurisdiction over the Shidners.

## II.  Motion to Dismiss for Improper Venue

Having found that this Court cannot properly exert personal jurisdiction over Shidners, the Court sees no need to address Shidners' alternative argument that venue is improper in Idaho.

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that:

1. Shidners' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #4) is **GRANTED**. All of Plaintiff's claims against Shidners shall be dismissed without prejudice with leave to file in an appropriate jurisdiction.

2. Shidners' Motion to Dismiss for Improper Venue (Dkt. #4) is deemed **MOOT**.



DATED: **February 23, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 9