IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS R. MASTERSON,<br><br>                  Plaintiff,<br><br>vs.<br><br>SWAN RANGE LOG HOMES, LLC, an Idaho limited liability company; KYLE LANIER, an individual; YELLOWSTONE LOG HOMES, LLC, d/b/a YELLOWSTONE DO IT CENTER, an Idaho limited liability company; PEAK GLASS, INC., a Wyoming company; MICHAEL J. SHIDNER and KATHY L. SHIDNER, husband and wife,<br><br>                  Defendants. | Case No. 06-CV-163-S-EJL<br><br>**MEMORANDUM ORDER** |

Plaintiff Thomas R. Masterson ("Plaintiff") has brought a diversity action against Swan Range Log Homes, LLC. ("Swan Range"), Kyle Lanier ("Lanier"), Yellowstone Log Homes, LLC. ("Yellowstone"), Peak Glass, Inc. ("Peak Glass"), and Michael J. and Kathy L. Shidner (collectively "Shidners") alleging multiple causes of action including breach of contract, fraud, and conspiracy to defraud. Pending before the Court in the above-entitled matter is the joint motion of Swan Range and Lanier to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. In their motion, Swan Range and Lanier argue that venue is not proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the suit did not occur in Idaho, and no other provision of that statute applies. Plaintiff concedes that neither §§ 1391(a)(1) or (a)(3)[1] apply, but maintains that a substantial part of the events giving rise to the suit did occur in Idaho and thus venue is proper in the District of Idaho.

---

[1] Throughout *Plaintiff's Opposition to Defendants' Lanier and Swan Range's Motion to Dismiss for Improper Venue*, Plaintiff repeatedly refers to 28 U.S.C. § 1391 as 28 U.S.C. § 1491. Despite the incorrect citation, it is clear from the context of the references that Plaintiff intended to cite 28 U.S.C. § 1391.

MEMORANDUM ORDER - 1

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these motions shall be decided on the record before this Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii).

## Background

On or around July 19, 2004, Plaintiff contracted with Swan Range to construct a log home for him in Teton County, Wyoming. The agreement was the result of negotiations between Lanier and Plaintiff. Lanier is an Idaho domiciliary, the owner and President of Swan Range, and the registered agent of Swan Range in Idaho. Swan Range is an Idaho limited liability company that maintains its primary place of business in Idaho.

Under the agreement, Swan Range was responsible for the management of the construction project and was responsible for obtaining delivery of all necessary materials and supplies. In addition, Swan Range was responsible for issuing prompt payment to all subcontractors and suppliers and ensuring that no construction liens would be filed on Plaintiff's log home.

Swan Range entered into an agreement with Yellowstone to provide the "log package" and related materials to build Plaintiff's log home. Yellowstone is an Idaho limited liability company with its primary place of business in Rigby, Idaho. In addition, Swan Range entered into a contract with Peak Glass to provide glazing and related materials to be used in the construction of Plaintiff's log home. Peak Glass is a Wyoming company that does business in Idaho Falls, Idaho.

## Analysis

### I. Motion to Dismiss for Improper Venue

Swan Range and Lanier move to dismiss Plaintiff's complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Plaintiff bears the burden of showing that venue is

MEMORANDUM ORDER - 2

properly laid in the instant forum. <u>Piedmont Label Co. V. Sun Garden Packing Co.</u>, 598 F.2d 491, 496 (9th Cir. 1979). There is a strong presumption in favor of the plaintiff's forum choice. <u>Ravelo Monegro v. Rosa</u>, 211 F.3d 509, 513 (9th Cir. 2000).

In support of their respective positions, Plaintiff and Lanier have each submitted affidavits. Analysis of a Rule 12(b)(3) motion to dismiss for improper venue permits the district court to consider facts outside the pleadings. <u>R.A. Argueta v. Banco Mexicano, S.A.</u>, 87 F.3d 320, 324 (9th Cir. 1996). In the context of a Rule 12(b)(3) motion, disputed facts must be viewed in the light most favorable to the non-moving party. <u>Murphy v. Schneider Nat'l, Inc.</u>, 362 F.3d 1133, 1138 (9th Cir. 2004). The trial court must draw all reasonable inferences and resolve all factual disputes in favor of the non-moving party. <u>Id</u>.

In civil actions wherein jurisdiction is found solely on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(a). This statutory provision provides:

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Thus, in order for venue to be proper within the District of Idaho, one of the three circumstances set forth above must apply.

The first circumstance provided for by § 1391(a) admittedly does not apply in this case because all of the defendants do not reside in the same state. Likewise, the third circumstance does not apply because it is intended only as a fallback provision to be used only when venue does not lie under the previous two provisions. As the Court will show hereafter, venue is proper in Idaho under § 1391(a)(2), thus rendering an analysis under § 1391(a)(3) futile.

In order for venue to be proper within this district pursuant to § 1391(a)(2), a "substantial part" of the events giving rise to this suit must have occurred in Idaho. Swan Range and Lanier argue that a substantial part of the events in this case did not occur in Idaho. Rather, they assert that a substantial part of the events in this case occurred in Wyoming, and thus venue would be proper there. However, the fact that substantial activities and events occurred in Wyoming does not disqualify Idaho as a proper venue as long as substantial activities took place in Idaho as well. See 28 U.S.C. § 1391(a)(2). Indeed, the chosen venue need not be the best venue, but only a qualifying venue. Silver Valley Partners, LLC v. De Motte, 400 F. Supp. 2d 1262, 1269 (W.D. Wash. 2005). Idaho should not be disqualified as a proper venue even if it can be shown that activities and events in Wyoming were more substantial than activities and events in Idaho. Merchants Nat'l Bank v. Safrabank, 776 F. Supp. 538, 541 (D. Kan. 1991). In other words, to satisfy the second prong of § 1391 it is not necessary for Plaintiff to show that a majority of events giving rise to the action occurred in Idaho, but only that a substantial part of the events took place here. See Pasulka v. Sykes, 131 F. Supp. 2d 988, 994 (N.D.Ill. 2001).

The question remains, however, as to how the term "substantial" is defined by the case law. In contract cases, courts have looked to various factors to inform their decision about whether events are "substantial." These factors include the locations where negotiations and execution of the contract occurred, the place where the contract was intended to be performed, and the place where the alleged breach occurred. Gulf Ins. Co. V. Glassbrenner, 417 F.3d 353, 357 (2d Cir. 2005); see also Shropshire v. Fred Rappoport Co., 294 F. Supp. 2d 1085, 1094 (N.D.Cal. 2003) (finding venue proper where some of the negotiations on the Agreement were conducted within the district, the agreement was signed within the district, and a substantial portion of the performance under the Agreement also occurred in the district). Moreover, courts have considered letters, faxes, emails, and telephone calls transmitted from or received in a district during negotiation and execution of a

contract to be substantial events for venue purposes. Kirkpatrick v. Rays Group, 71 F. Supp. 2d 204, 213 (D.C.N.Y. 1999).

With these concepts in mind, the Court turns its attention to the record before it. Plaintiff asserts that negotiations concerning the contract between himself and Swan Range were conducted with Lanier both over the telephone and at Yellowstone's place of business in Idaho. Plaintiff indicates that all telephone calls were made to Lanier's Idaho telephone number. In his affidavit, Lanier concedes that negotiations occurred over the telephone, but maintains that the only telephone conversations he had with Plaintiff were on his cell phone, and that they occurred while Lanier was physically present in Wyoming. Lanier also maintains that what Plaintiff calls "negotiations" at the Yellowstone plant in Rigby, Idaho, were not negotiations at all, but rather a tour of Yellowstone's facility only. Assuming arguendo that Lanier is correct that all negotiations over the telephone occurred while he was physically present in Wyoming, that still leaves the question about negotiations at the Yellowstone facility for this Court to consider. The parties clearly disagree as to whether or not negotiations actually occurred at this Idaho facility. This Court is required to draw all reasonable inferences and resolve all factual conflicts in favor of Plaintiff. Murphy, 362 F.3d at 1138. It is reasonable to infer that a tour of the Yellowstone facility may have been important to Plaintiff in inducing him to enter into and negotiate the terms of a contract to purchase a log home. Construing all facts in the light most favorable to Plaintiff, this Court must find that contractual negotiations did occur in Idaho.

In addition, Plaintiff asserts misrepresentations and omissions of material facts related to Plaintiff's fraud claims against Lanier occurred during their negotiations in Idaho. Other courts have held that where material misrepresentations occur within a district, venue is proper there. Jones v. Tread Rubber Corp., 199 F. Supp. 2d 539, 545 (S.D.Miss. 2002) (finding venue proper in Mississippi where alleged warranties and misrepresentations were made there). Lastly, Plaintiff

MEMORANDUM ORDER - 5

asserts that while the contract was for a log home ultimately to be constructed in Wyoming, the underlying breach occurred in Idaho where the logs for the home were manufactured.

Based on the foregoing, the Court agrees with Plaintiff that a substantial part of the events or omissions giving rise to the claim occurred in Idaho. Notwithstanding, the Court now turns to Swan Range and Lanier's argument to determine whether the Court should find otherwise.

In support of their motion, Swan Range and Lanier claim that in interpreting § 1391 "the Ninth Circuit Court of Appeals has held that 'the spirit of § 1391(a) is better served ... if venue for a claim based on breach of contract be the place of intended performance ...'" See Br. in Supp. at 5 (citing Decker Coal Company v. Commonwealth Edison Company, 805 F.2d 834, 842 (9th Cir. 1986)."[2] Their argument is misleading and incorrect on at least two fronts. First, the quotation just cited omits two key elements of the court's reasoning. The full sentence reads, "the spirit of § 1391(a) is better served in this case if venue for a claim based on breach of contract be the place of intended performance rather than the place of repudiation." Decker at 842 (emphasis added). The court's limiting language suggests that their decision was intended to apply only to the facts of that case and not as a general proposition applicable to all cases. Moreover, the court was making a choice between the place of performance and the place of repudiation. The court in Decker goes on to explain that basing venue on the place of repudiation invites forum shopping - allowing the parties to travel to a distant forum whose laws are favorable to him or her and repudiate the contract there. Id. This case does not deal with the repudiation of a contract, but rather a breach. An alleged breach of contract by a defendant does not invite the same problems with respect to forum shopping as does repudiation by a plaintiff. As such, this case can be distinguished from Decker.

---

[2] Swan Range and Lanier cite Decker as being decided in 1985. This is incorrect. While it was originally argued in 1985, the decision was stayed pending certification to the Montana Supreme Court. The Ninth Circuit did not actually decide the case until 1986.

The second problem with Swan Range and Lanier's argument is perhaps more damaging. Decker was decided in 1986, four years prior to the significant amendments to § 1391 brought about by the Judicial Improvement Act of 1990. When Decker was decided, § 1391(a) focused on the place "the judicial district ... in which the claim arose." This language was typically held to demand that one place, and one place only, be deemed the place where the claim "arose." Leroy v. Great Western United Corp., 443 U.S. 173, 178 (1979) (concluding that venue in Texas was improper under the general federal venue statute, 28 U.S.C. § 1391, because the claim arose in Idaho rather than in Texas.). Thus it makes sense that the Ninth Circuit would endeavor to choose between the place of performance and the place of repudiation in Decker. In its current form, § 1391(a) contemplates that venue may be proper in more than one district. This Court need not determine that Wyoming, the place of intended performance of the contract, is a more appropriate venue than Idaho. A finding that a substantial part of the events giving rise to the suit occurred in Idaho is sufficient to satisfy § 1391(a)(2). There is sufficient evidence in the record to make such a finding.

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Swan Range and Lanier's Motion to Dismiss for Improper Venue (Dkt. #14) is **DENIED**.

DATED: **February 23, 2007**

Honorable Edward J. Lodge
U. S. District Judge